### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

**THOMAS MITCHELL**  **PLAINTIFF**

**v.**  **CIVIL ACTION NO. 3:04CV-P563-C**

**LARRY CHANDLER** *et al.*  **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the court on several motions filed by the parties. The court will address each motion in turn.

**I. Motion for leave to supplement and amend** (DN 27)

The plaintiff seeks leave to file an affidavit and supplement to the original complaint. He reports that prior to filing his complaint in September 2004, (1) he had to catheter himself in front of other inmates at Green River Correctional Complex and was consequently threatened numerous times and stabbed on one occasion; and (2) he was transferred to Western Kentucky Correctional Complex, where he received threats from inmates due to his having to catheter himself in a communal bathroom. He reports that after filing his complaint, (a) he was transferred to the Kentucky State Reformatory ("KSR") due to his physical condition, stabbed while in the shower, and then transferred to the Kentucky State Penitentiary ("KSP"); (b) his legal papers were lost or stolen by KSR staff during the transfer; and (c) since his transfer to KSP, he has received death threats because inmates "realize that [the plaintiff has] some type of di[s]ease[1] and they are afraid

---

[1] He reports that he has Hepatitis C.

they will catch it."

Federal Rule of Civil Procedure 15(d) provides, in part, "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened *since the date of the pleading* sought to be supplemented." (emphasis added). Because half of the allegations contained in the instant motion occurred *prior* to the filing of the complaint, the court construes the motion as one for leave to supplement *and amend*. "In considering whether to allow a plaintiff to amend or supplement [his] complaint, the district court should consider the following factors: (1) undue delay in filing the motion; (2) lack of notice to adverse parties; (3) whether the movant is acting in bad faith, or with a dilatory motive; (4) failure to cure deficiencies by previous amendments; (5) the possibility of undue prejudice to adverse parties; and (6) whether the amendment is futile." *Bromley v. Mich. Educ. Ass'n-NEA*, 178 F.R.D. 148, 154 (E.D. Mich. 1998) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) and *Robinson v. Mich. Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir.1990)). The court will deny the motion on futility grounds.

The Prison Litigation Reform Act of 1995 ("PLRA") established an administrative exhaustion requirement codified at 42 U.S.C. § 1997e(a). Section 1997e(a) provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in

any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In enacting this provision, Congress imposed a prerequisite upon prisoners seeking to bring conditions-of-confinement claims under 42 U.S.C. § 1983. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies is now mandatory, rather than discretionary. *Id.*; *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998). "[T]he purpose of the exhaustion requirement is to provide states the first opportunity to resolve problems themselves, [and] an inmate who has not pursued available administrative remedies may not yet proceed in federal court." *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003). "A plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) (quoting *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000) and citing *Brown v. Toombs*, 139 F.3d at 1104).

The plaintiff is currently incarcerated at the KSP, a facility within the Kentucky Department of Corrections ("KDOC"). The KDOC has a multi-stage inmate grievance process in place. *See* Kentucky Corrections Policies and Procedures 14.6. The plaintiff, however, has wholly failed to allege exhaustion of his available administrative remedies as to any of the claims asserted in the motion for leave to supplement and amend. As the asserted claims may not be brought in federal court prior to complete exhaustion of available administrative remedies, any

3

amendment or supplement would be futile.  For this reason,

**IT IS ORDERED** that the motion for leave to supplement and amend is **DENIED**.  Despite denial of the motion, the court is concerned by the plaintiff's allegations and advises that he may always file a new complaint after exhausting each claim through the administrative grievance mechanism.

### II. Motion for leave to supplement pretrial memorandum (DN 28)

The plaintiff filed a motion for leave to supplement his pretrial memorandum.  The defendants filed no objection.  Accordingly,

**IT IS ORDERED** that the motion is **GRANTED**.  The court advises that the granting of this motion in no way permits an amendment of the complaint.

### III. Motion for leave to file amendment to complaint (DN 29)

The plaintiff seeks to amend the complaint to state, "Jurisdiction is proper, as the amount in controversity exceeds the minimum dollar amount required by law to give this court jurisdiction of this case."  As the instant action was brought pursuant to 42 U.S.C. § 1983, this court's jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.  As neither statute contains an amount-in-controversy requirement,

**IT IS ORDERED** that the motion for leave to amend the complaint is **DENIED**.

### IV. Motions for extension of time (DNs 30, 31 & 32)

The defendants filed three motions for extension of time in which to file a motion for summary judgment.  The plaintiff filed no objection to any motion, and

4

the defendants filed their motion for summary judgment on December 5, 2005 (DN 33).  As no prejudice has been shown or alleged,

    **IT IS ORDERED** that the motions for extension are **GRANTED**.

    The clerk of court **shall serve** a copy of this order on the unrepresented plaintiff and on counsel of record for the defendants.

Signed on  January 3, 2006

*[signature]*

**Jennifer B. Coffman, Judge**
**United States District Court**

5